UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANI MARCHEVA,

        Plaintiff,

                Case No. 26-cv-0900-bhl

    v.

SCHILLER PARK POLICE DEPARTMENT,

        Defendant.

---

## SCREENING ORDER

---

On May 21, 2026, Plaintiff Ani Marcheva, proceeding without an attorney, filed a complaint against the Schiller Park Police Department. (ECF No. 1.) Marcheva also filed a motion to proceed without prepayment of the filing fee, or *in forma* pauperis. (ECF No. 2). On May 26, and 28, 2026, she filed supplements of various documents. (ECF Nos. 4 & 5.) The matter is now before the Court for the consideration of Marcheva's IFP motion and the screening of her complaint.

### IFP MOTION

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *Cf.* 28 U.S.C. §1915(a)(1). Marcheva submitted a signed affidavit identifying her assets and financial obligations, but the affidavit raises more questions than it answers. (ECF No. 2 at 4.) Marcheva contends that she supports two children under the age of eighteen but is "short on child support," with "$2,000.00" written next to each child. (*Id.* at 1.) She states that she is employed by the Schiller Park Police Department and her monthly wages are a substantial $9916.66, but further notes she was "paid zero!" (*Id.*) She admits receiving $2,000 from a family member and to owning her house and car, with both listed as "paid off." (*Id.*) She reports her home is worth $210,000.00. (*Id.* at 2–3.) Against this income and assets, Marcheva reports monthly expenses of $1,200.00. (*Id.* at 2.) She has no cash, checking, or savings, and no other property of value. (*Id.*) Based on these sworn assertions, including the substantial equity she has

in her home, the Court concludes that Marcheva is financially able to pay the filing fee if she wishes to proceed with a federal court lawsuit.  Accordingly, her motion to proceed IFP is denied.

## SCREENING THE COMPLAINT

The Court also has the authority to screen a *pro se* complaint.  *Cf.* 28 U.S.C. §1915(e)(2).  In doing so, the Court examines the complaint to determine whether the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.  *Id.*  In screening the complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure.  To survive screening, the complaint must comply with the Federal Rules and state at least a plausible claim for which relief may be granted.  To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (citing *Twombly*, 550 U.S. at 555).  A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).  If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed.  *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ANALYSIS

Marcheva's complaint offers no clear narrative and instead includes a scattered array of phrases and incoherent allegations.  It begins with the words "12 yrs term pay unpaid" and "15 yrs child support unpaid."  (ECF No. 1 at 2.)  She also includes scattered references to human trafficking and the commercial sex trade, but those references are not connected to any perpetrator or victim.  (*Id.* at 2–4.)   Marcheva identifies herself as an Illinois resident and the only named defendant is the Schiller Park Police Department, which is also based in Illinois.  (*Id.* at 1–2.)  Neither the parties nor the allegations appear connected to the Eastern District of Wisconsin in any

way.  She has filed many additional documents, none of which offer insight into any cognizable legal theory.  (*See* ECF Nos. 1-1, 1-2, 4, 4-1 & 5.)

Under Federal Rule of Civil Procedure 8(a)(2), a "pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Marcheva's complaint does not identify any federal law or right that she believes was violated. From her pleading, the Court does not know what federal laws, if any, are implicated by this complaint.  The Court cannot identify what facts are even related to the Schiller Park Police Department.  Accordingly, the Court will dismiss the complaint at screening.  The Seventh Circuit has instructed that a *pro se* plaintiff be afforded one opportunity to amend her complaint, unless amendment would be futile.  *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Because Marcheva's complaint does not suggest any even potentially meritorious claims, the Court will simply dismiss it.

### CONCLUSION

**IT IS HEREBY ORDERED** that Marcheva's Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 2, is **DENIED**.

**IT IS FURTHER ORDERED** that Marcheva's complaint, ECF No. 1, is **DISMISSED without prejudice**.  The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on May 29, 2026.

s/ *Brett H. Ludwig*

BRETT H. LUDWIG
United States District Judge